# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH WILLIAM DEMINT, | ) |
| Movant, | ) |
| | ) No. 1:14CV19 JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is barred by the one-year limitations period, and the Court will order movant to show cause why it should not be dismissed.

In March 1995 a jury found movant guilty on one count of being a felon in possession of a firearm. United States v. DeMint, 1:94CR41 SNLJ (E.D. Mo.). In June 1995 the Court sentenced movant under the Armed Career Criminal Act to 290 months' imprisonment because movant had three prior qualifying violent felony convictions. On appeal, movant argued that his prior convictions did not qualify under the ACCA. The United States Court of Appeals for the 8th Circuit examined each conviction in turn and affirmed, finding that "the district court correctly concluded [movant] was subject to an enhancement under the ACCA." United States v. DeMint, 74 F.3d 876, 878 (8th Cir. 1996).

In the instant motion, movant alleges, in a wholly conclusory manner, that the Court erred when it found that his prior state convictions qualified as violent felonies for

the purposes of the ACCA. And he claims that the 8th Circuit violated his due process rights by affirming this Court's decision. He offers no legal authority to support his argument. He also claims that a juror was coerced or was unconvinced by the government's arguments, but he does not state why this is relevant to his position.

Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

The one-year period of limitations for filing habeas petitions did not exist when petitioner was convicted, or prior to enactment of the AEDPA on April 24, 1996. In addressing this issue, the United States Court of Appeals for the Eighth Circuit has "held that time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation [under § 2244(d)]. Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled." Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000). In this case, the limitations period has been expired for a very long time.

The Court is required to give movant notice before it dismisses this action as time-barred. As a result, movant shall show cause no later than March 28, 2014, why this action should not be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause no later than March 28, 2014, why this action should not be dismissed as time-barred.

Dated this 28th day of February, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE