UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| JOSEPH WILLIAM DEMINT, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| v. | ) | No. 1:14CV19 JAR |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent, | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Joseph Demint's motion to vacate, set aside, or amend judgment under 28 U.S.C. § 2255. For the following reasons the motion is denied.

Movant argues that the Court improperly sentenced him as an armed career criminal and he is entitled to relief under Descamps v. United States, 133 S.Ct. 2276 (2013). He also asserts that he was denied due process, in that a member of the jury was coerced into finding him guilty, and the Court of Appeals abused its discretion by affirming the judgment and sentence.

The government has waived the limitations defense as to the Descamps claim. However, the government contends that the remaining claims are time-barred.

In Descamps, the Supreme Court held that the district courts may not apply the "modified categorical approach" to sentencing under Armed Career Criminal Act (ACCA) when the crime of which the defendant was convicted has a single, indivisible set of elements. 133 S.Ct. at 2282. Where a statute is divisible, however, the courts must use the "categorical approach," which permits the court to look beyond the statute, such as the indictment, to determine whether the prior conviction was for a violent felony. Id. at 2276, 2271.

On March 28, 1995, a jury found Demint guilty of felon in possession of a firearm. United States v. Demint, 1:94CV41 SNLJ (E.D. Mo.). The Court subsequently sentenced Demint as an Armed Career Criminal to 290 months' imprisonment because he had three prior qualifying convictions. Specifically, there were two convictions in Louisiana and one conviction in Florida. Each of the state statutes Demint was sentenced under were divisible, and therefore, Descamps does not provide Demint with relief.

Demint was convicted of Attempted Burglary on August 18, 1983, in Florida. The Florida statutes, F.S.A. § 774.04 & § 810.02, were ambiguous because there was no distinction between buildings and vehicles. It was clear from the information in the state case, however, that Demint committed a burglary of a building. Gov't Ex. 2. Therefore, the conviction qualified as a violent felony. See Descamps, 133 S.Ct. at 2283-84.

Louisiana's burglary statute is also divisible because it comprises multiple, alternative versions of the crime. LSA 14:62. Demint's plea agreement in the first Louisiana case shows that he was convicted of simple burglary of a building that occurred on November 23, 1979. The second Louisiana plea agreement reflects a conviction for simple burglary of a building that occurred on July 31, 1980. Gov't Ex. 3, 4. Therefore, Demint had three qualifying prior convictions and was properly sentenced under the ACCA.

The government has not waived its limitations defense with the remainder of Demint's claims. The limitations period ended on April 24, 1997, one year after AEDPA was enacted. E.g. Miller v. Marr, 141 F.3d 976, 977 (10th Cir. 1998). As a result, the claims are time-barred.

Furthermore, Demint has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v.

Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Demint's motion to vacate under § 2255, is **DENIED**, and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 23rd day of February, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE